UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS GAMBUCCI,

       Plaintiff,

v.                                       Case No: 2:19-cv-58-FtM-29MRM

BANK OF AMERICA, N.A.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, and USSET,
WEINGARDEN & LIEBO, PLLP,

       Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants Bank of America, N.A. and Federal National Mortgage Association's Motion to Dismiss (Doc. #20) filed on May 13, 2019. Plaintiff has failed to file a response and the time to do so has passed. For the reasons that follow, the motion is granted.

**I.**

**A. Background**

Plaintiff Thomas Gambucci has filed a multiple-count Second Amended Complaint against defendants Bank of America, N.A., Federal National Mortgage Association, and Usset, Weingarden, & Liebo, PLLP.[1] (Doc. #17.) The claims all relate to a foreclosure

---

[1] While plaintiff titles the complaint "First Amended Complaint," it is in actuality a Second Amended Complaint. Plaintiff filed the initial Complaint (Doc. #1) on January 30,

on a piece of property in the State of Minnesota. Defendants Bank of America, N.A. and Federal National Mortgage Association have filed a motion to dismiss on the grounds that (1) this is not the proper venue and (2) the Second Amended Complaint constitutes a shotgun pleading. (Doc. #20, pp. 5-8.) Because the Court agrees with the latter argument, the Second Amended Complaint will be dismissed with leave to amend.[2]

**B. Legal Standards**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id.; Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an

---

2019, and then a First Amended Complaint (Doc. #13) on March 4, 2019.

[2] Given the Court's determination regarding the pleading deficiencies in the Second Amended Complaint, the defendants' arguments regarding venue will be denied without prejudice. The defendants may re-raise the arguments if plaintiff can file an amended complaint that cures the pleading deficiencies.

unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**C. Shotgun Pleading**

Each claim in the Second Amended Complaint re-alleges and incorporates by reference the allegations contained in the paragraphs alleged previously. (Doc. #17, pp. 4-13.) Defendants argue the Second Amended Complaint constitutes "a classic 'shotgun pleading'" requiring dismissal. (Doc. #20, pp. 7-8.) The Court agrees. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d

1313, 1321 (11th Cir. 2015) (describing four types of shotgun pleadings, the most common of which "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"); see also LaCroix v. W. Dist. of Ky., 627 Fed. App'x 816, 818 (11th Cir. 2015) ("[A]lthough *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. Even a *pro se* litigant is required to comply with the rules of procedure." (marks and citations omitted)). Therefore, the Court dismisses the Second Amended Complaint without prejudice on shotgun pleading grounds with leave to amend. If the Third Amended Complaint is a shotgun pleading it will be dismissed with prejudice without further notice and without leave to amend.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #20) is **GRANTED** and the Second Amended Complaint is **dismissed without prejudice** to filing a Third Amended Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 15th day of July, 2019.

 /s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record